**STATE of Maine**

v.

**Richard Larry NYE.**

Supreme Judicial Court of Maine.

Argued Sept. 9, 1988.
Decided Dec. 13, 1988.

David W. Crook, Dist. Atty., Pamela J. Ames (orally), Asst. Dist. Atty., Augusta, for the State.

John D. Pelletier (orally), Goodspeed & O'Donnell, Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

ROBERTS, Justice.

Richard Larry Nye appeals from judgments of conviction entered by the Superior Court, Kennebec County (*Alexander, J.*), on a jury verdict of guilty of three counts of rape, 17–A M.R.S.A. § 252 (Supp.1987), three counts of gross sexual misconduct, 17–A M.R.S.A. § 253 (Supp.1987), and four counts of unlawful sexual contact, 17–A M.R.S.A. § 255 (Supp.1987). All of the convictions stem from activity between Nye and his then stepdaughter over a period of several years. Nye raises four issues on appeal: 1) He contends that the Superior Court improperly disallowed cross-examination of the State's expert witnesses concerning an academic journal article. 2) He argues that the court improperly excluded an out-of-court statement of the victim. 3) He contends that the State improperly commented on his guilt in closing argument. 4) He argues that the evidence was sufficient to support only one of the convictions for gross sexual misconduct and only two of the convictions for unlawful sexual con-

tact. We disagree with Nye's first three contentions. We agree with his fourth contention and vacate four of the ten convictions.

## I.

The evidence presented at trial consisted primarily of the testimony of the victim, Nye's stepdaughter, who was 3½ to 6 years old at the time of the offenses and 9½ years old at trial. She testified that the offenses took place at several different locations as she moved from home to home with her mother. She stated that one day she was sitting on Nye's lap, wearing underpants and a nightie, when she was living on Benton Avenue in Winslow, when Nye stuck his hand in her pants, touched her on her "privates," and rubbed her. She stated that the same thing occurred later when she was living at a trailer park in Winslow.

The victim and her mother later moved to Waterville and lived there for 5 years. The victim stated that one day Nye told her to come into the bedroom and told her to remove her clothes. He then got on top of her, touched her "privates" with his "privates," and went "up and down." She stated that on other occasions Nye put his penis inside her.

At trial, Nye asserted his innocence and claimed that the victim's natural father had abused her. The victim testified that her natural father had never abused her and that only Nye had abused her. The State's expert witness, an emergency room physician at Mid–Maine Medical Center and the director of the Pediatric Medical Forensic Center, testified that his examination of the victim showed that she had been subject to "chronic penetration" by an adult penis or similar object.

Although the defense was permitted to cross-examine the State's expert on medical information contained in *Pediatrics In Review*, defense counsel was precluded from cross-examination on psychological information contained in a second academic journal. The court sustained the State's objection to the introduction of the article on the ground that the subject matter of the arti-

cle was not within the witness' expertise nor within the scope of his direct testimony.

## II.

■ In order for an expert witness to offer specialized testimony, the expert must be qualified to testify in that area. M.R.Evid. 702. In addition, the court may limit cross-examination with respect to matters not testified to on direct examination. M.R.Evid. 611(b). The record reveals that the proffered line of questioning was beyond the scope of the witness' expertise. The journal article reported the results of a psychological study and did not relate to the expert's medical testimony. The article itself emphasizes the tentative nature of its conclusions and recognizes that these conclusions have been misused in court. Moreover, nothing in the record established the journal to be a "reliable authority" to meet the hearsay exception contained in M.R.Evid. 803(18). The decision of the court to preclude introduction of the journal article was within the court's discretion.

■ At trial, the defense sought to introduce an out-of-court statement of the victim to her mother that she had "heard voices." The court sustained the State's objection to the introduction of the statement on the ground that it was hearsay. The defense argued that the evidence was a statement of the declarant's then existing state of mind or mental feeling and was an exception to the hearsay rule under M.R. Evid. 803(3). We agree with the State that the statement described a past sensation and is not an exception to the hearsay rule under M.R.Evid. 803(3). The statement, "I heard voices," is not a contemporaneous statement of the declarant's then existing state of mind or mental feeling. The court properly excluded the proffered statement as hearsay.

■ Nye claims that the prosecutor improperly commented on his guilt in closing argument. He claims that the prosecutor's comment that the defendant and not some other person was on trial implied that he was guilty because he was charged and thus constituted improper argument.

Whatever attention the prosecutor may have drawn to Nye's indictment by her comment was cured in the court's instructions to the jury that followed immediately after defense counsel's objection.

■ Finally, Nye challenges the sufficiency of the evidence to support his conviction on more than one of the counts of gross sexual misconduct and more than two of the counts of unlawful sexual contact. He does not challenge the sufficiency of the evidence on the three counts of rape. The State argues that the jury could find multiple incidents of sexual intercourse to support both the rape and additional gross sexual misconduct charges and that the jury could infer that sexual contact accompanied such incidents. We disagree. The victim's somewhat confusing responses to the prosecution's leading questions established beyond a reasonable doubt only one act of sexual intercourse each year (rape counts 2, 5 and 8). Moreover, the victim described only two acts of sexual contact (unlawful sexual contact counts 1 and 4). The additional findings of sexual contact are based solely on speculation. Because we vacate the convictions on counts 8, 9, 11 and 12, we set aside the sentences on the remaining convictions and remand for the imposition of new sentences.

The entry is:

Judgments on counts 8, 9, 11 and 12 vacated. Remanded for entry of judgments of acquittal.

Judgments on counts 3, 4, 5, 6, 7 and 10 affirmed. Remanded for imposition of new sentences in accordance with the opinion herein.

All concurring.